

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

# THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**Elisheva L. Rosen**
*Assistant Corporation Counsel*
Phone: (212) 356-3522
Fax: (212) 356-2349
Email: erosen@law.nyc.gov

January 7, 2025

**By ECF**
Hon. Jesse M. Furman
United States District Court
Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

    Re: <u>Denise Emanuel v. City of New York, et. al.</u>
       Civil Action No.: 23-CV-02980

Dear Judge Furman:

  I am an Assistant Corporation Counsel in the office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, attorney for Defendants City of New York ("City"), Dinorah Rodriguez, Dennis Whinfield, and Marlene Wright (collectively, "Defendants"), in the above-referenced matter. In accordance with Rule 2(d) of Your Honor's Individual Rules and Practices, Defendants write jointly with Plaintiff to respectfully request a three-month extension of fact discovery, from January 10, 2025 to April 10, 2025. This is the parties' first request for an extension of time. An extension of time would necessitate postponing the initial pretrial conference, currently scheduled for January 16, 2025.

  **Defendants State:**

  An extension of time is needed because Plaintiff has still not responded to Defendants' discovery demands that were served, via email, on October 10, 2024. On December 18, 2024, the undersigned contacted Plaintiff's counsel regarding the outstanding discovery responses. Plaintiff's counsel stated that Plaintiff has "ongoing medical issues" and needed an extension of time to respond to the discovery demands. Defendants agreed to give Plaintiff additional time to respond to their discovery demands. Plaintiff's counsel did not indicate how much additional time she would need. Without Plaintiff's responses and production, Defendants cannot schedule Plaintiff's deposition.

On December 18, 2024, Plaintiff's counsel informed the undersigned of her intent to seek leave to file an amended complaint. The undersigned informed Plaintiff's counsel that Defendants would oppose any motion to amend, especially in light of the Court's August 2, 2024 Opinion and Order wherein the Court expressly denied Plaintiff's request for leave to amend. See ECF Dkt. No. 44 at 7, 20.

Defendants wholly deny Plaintiff's new allegations of additional retaliation and continued hostile work environment. Such claims are baseless – especially since none of the individually named defendants work with or supervise Plaintiff in any capacity. Similarly, Plaintiff's allegation that Defendants are the cause of her "health-related crises" is entirely baseless. Any such request to file a third amended complaint to include such baseless allegations should be denied.

**Plaintiff States:**

This office represents Plaintiff Denise Emanuel in this matter. We believe that a 90-day extension of the discovery schedule is necessary in this case and respectfully support this joint application for an extension of the discovery schedule for the reasons stated below.

Plaintiff Ms. Emanuel has had a difficult few months following her filing of this case. After this case was filed in Federal Court, Plaintiff claims that she was subjected to a series of ongoing retaliatory actions by Defendant City, which furthers and adds to her hostile work environment and retaliation claims and is causing Plaintiff great injury. Since the filing of her federal complaint, Defendants continue to subject Plaintiff to (what we believe are) unreasonable and retaliatory disciplinary charges, retaliatory work assignments, differential treatment, as well as abusive conduct in the workplace. The result of the ongoing hostile work environment against Ms. Emanuel is that Ms. Emanuel suffered multiple health-related crises, which forced her to be out of work on an extended medical leave from June, 2024 to the present. Ms. Emanuel was scheduled to return to work in December 2024. However, due to ongoing health issues/concerns, her doctors extended her medical leave until February 27th and have not yet cleared Plaintiff to return to work.

The result of Ms. Emanuel's circumstances is that Plaintiff has been out of work and has been unable to retrieve items that we believe are necessary to exchange in discovery. We believed that we would be able to retrieve discovery items in December upon Plaintiff's return to work but due to the extension of her medical leave, our plan was thwarted. Currently, Plaintiff is making her best efforts (through her union representatives and by other means) to retrieve any discoverable items that she can, including those items located in her workplace. Plaintiff is currently in possession of discovery demands from Defendants and respectfully advises the Court that she needs and requests additional time to respond to these requests for the reasons stated above.

To date, Plaintiff has disclosed her medical records to Defendants. No depositions have been conducted in this matter to date due (in part) to outstanding discovery.

In addition, given ongoing events that have occurred to Plaintiff, which we believe

further supports her ongoing hostile work environment and retaliation claims, we spoke to Counsel for the City and raised the issue of our intent to seek leave from the Court to amend the complaint to add the events that transpired after Plaintiff filed her federal complaint. We believe these facts are part of a continuing violation against Plaintiff. Counsel for Defendants indicated that Defendants would oppose our coming application. We have asked Plaintiff to provide us with a timeline of the more recent events and Plaintiff is trying to do so with limited access to her work-related information, which she needs to provide proper dates and details of occurrences. Plaintiff was able to recover some recordings and emails that are relevant to this case, which we now have to review and disclose.

For this reason, Plaintiff respectfully begs the Court for a 90-day extension of the discovery schedule.

Thus, the parties respectfully request a three-month extension of fact discovery, until April 10, 2025 and an adjournment of the initial pretrial conference.

The parties thank the Court for its consideration of this request.

Respectfully submitted,

/s/ Elisheva L. Rosen

Elisheva L. Rosen
Assistant Corporation Counsel
Counsel for Defendants

&

Phillips & Associates, PLLC.

By:      /s/ Greg Calliste, Jr.

Gregory Calliste, Jr.
Counsel for Plaintiff

The January 16, 2025 pretrial conference **is** hereby RESCHEDULED to **Friday, January 10, 2025**, at **11:30 a.m.**  The dial-in information remains the same.  *See* ECF No. 55.  The Court will defer ruling on the parties' request for a three-month extension of the fact discovery deadline, which the parties should be prepared to discuss during the conference.  The Clerk of Court is directed to terminate ECF No. 56.

SO ORDERED.

January 8, 2025

3